ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 24 P 3: 24

CLERK _____
S.D. DIST. OF GA.

| | |
|---|---|
| DALVIN SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CV 312-074 |
| Warden HOLLIMAN, et al., | ) ) ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who was an inmate detained at the Bleckley Probation Detention Center located in Cochran, Georgia when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP").[1] On August 22, 2012, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (Doc. no. 9, p. 4.) Plaintiff failed to respond.

On September 28, 2012, the Court granted Plaintiff fourteen (14) additional days to

---

[1] Plaintiff originally filed this case in the Middle District of Georgia; the case was transferred to this District because the events alleged in the complaint occurred in Laurens County, Georgia, which is located in this District. (Doc. no. 5.)

comply with the terms of the Court's August 22, 2012 Order. (Doc. no. 10.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's August 22, 2012 Order, nor has he provided the Court with any explanation why he has not complied. Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915).

Moreover, Plaintiff's service copy of the September 28, 2012 Order was returned as "Undeliverable." (See doc. no. 11.) Specifically, Bleckley Probation Detention Center stamped the envelope "Return to Sender" and checked the box next to "No Record," and there is another label affixed to the envelope reading "Insufficient Address, Unable to Forward." (See id.) Thus, in addition to failing to return the necessary IFP papers, Plaintiff has failed to notify the Court of a change of address. Plaintiff was warned that, if he failed to immediately inform the Court of any change of address while this action is pending, the Court would recommend dismissal of this case. (Doc. no. 9, p. 4.) Plaintiff's failure to provide the Court with an address where he can be reached not only violates the Court's previous Order, but it also has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This

authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with multiple Court Orders, or even to provide the Court with a valid address, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[3] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE